**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 20-2177

_____

ALLISON TULLY,

        Plaintiff - Appellant,

    v.

CASSADAY & COMPANY, INC.,

        Defendant - Appellee.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Liam O'Grady, Senior District Judge.  (1:19-cv-01154-LO-JFA)

_____

Submitted:  April 12, 2023                       Decided:  April 27, 2023

_____

Before AGEE, HARRIS, and HEYTENS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Kellee Boulais Kruse, R. Scott Oswald, THE EMPLOYMENT LAW GROUP, PC, Washington, D.C., for Appellant.  Joseph E. Schuler, Bernard G. Dennis, III, JACKSON LEWIS PC, Reston, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Allison Tully appeals the district court's order granting summary judgment to her former employer, Cassaday & Company, Inc., on her claims of retaliation and hostile work environment, which she brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (Title VII). "[We review] the district court's grant of summary judgment de novo, applying the same legal standards as the district court and viewing the facts and inferences drawn from the facts in the light most favorable to the nonmoving party." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019) (cleaned up).

"Title VII forbids (i) employment practices that discriminate against an employee on the basis of race, color, religion, sex, or national origin, 42 U.S.C. § 2000e-2, and (ii) retaliation against an employee for opposing adverse actions that she reasonably suspects to be unlawful under Title VII, 42 U.S.C. § 2000e-3." *Strothers v. City of Laurel*, 895 F.3d 317, 326-27 (4th Cir. 2018). Absent direct evidence of discrimination or retaliation, a plaintiff must prove her claim through the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

To establish a prima facie case of retaliation under the *McDonnell Douglas* framework, a plaintiff must show that "(1) she engaged in a protected activity, (2) the employer acted adversely against her, and (3) there was a causal connection between the protected activity and the asserted adverse action." *Walton v. Harker*, 33 F.4th 165, 177 (4th Cir. 2022) (internal quotation marks omitted). To establish a prima facie hostile work environment claim, a plaintiff must show "(1) unwelcome conduct; (2) based on the

2

plaintiff's sex; (3) sufficiently severe or pervasive to alter [her] conditions of employment and create an abusive work environment; and (4) that is imputable to the employer." *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 117 (4th Cir. 2021). If a supervisor's harassing behavior does not result in a tangible employment action, an employer "may escape liability by establishing, as an affirmative defense, that (1) the employer exercised reasonable care to prevent and correct any harassing behavior and (2) that the plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities that the employer provided." *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 278 (4th Cir. 2015) (internal quotation marks omitted).

Applying these standards, we have reviewed the record and find no reversible error. Accordingly, we affirm the district court's order. *Tully v. Cassaday & Co., Inc.*, No. 1:19-cv-01154-LO-JFA (E.D. Va. filed Sept. 30, 2020 & entered Oct. 2, 2020). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*